UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Atlas Material Testing Technology LLC, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-16-49 |
| XPO Logistics Freight, Inc., et al., | § § § | |
| Defendants. | § | |

## Opinion on Transfer

1. *Background.*

This is a dispute about damaged goods. The buyer sent the seller a tool that the buyer damaged in its warehouse. The buyer erred by asking the seller for a replacement.

Electronics for Imaging, Inc., bought a weather instrument – Ci4000 Weather-Ometer – from Atlas Material Testing Technology, LLC. Atlas sent Imaging a quote in July 2014. Peter Benoit, who works for Imaging, responded with a purchase order. Atlas sent the tool in November.

Imaging hired XPO Logistics Freight, Inc. – known as Con-Way – to ship the tool from Atlas's plant in Chicago to Imaging's warehouse in New Hampshire. The tool had a tip indicator put on it.

On November 11, 2014, Imaging noted that the indicator had not been triggered when the tool arrived; however, the next day, someone at Imaging noticed it had been. Imaging told Atlas about this and moved the tool into its warehouse in early December. Later that month, Atlas and Benoit met at Imaging's warehouse and decided the tool was damaged beyond repair. Imaging returned it to Atlas, and Atlas replaced it. Atlas's insurance paid Imaging for the damaged tool, and Imaging paid for the second tool by January 30, 2015.

Atlas is an Illinois corporation. Imaging is a Delaware corporation with its principal place of business in Fremont, California. Imaging does not have an office, subsidiaries, telephone listings, mailing listings, bank accounts, or other property in Texas. Benoit works from his home in Austin, Texas. Con-Way is a Delaware corporation with several offices in Houston, Texas.

Atlas brings a claim under three theories: (a) breach of contract, (b) breach of bailment, and (c) recoupment.

2. *Forum Selection Clause.*

The parties tried but did not include a forum selection clause in their contract. Atlas's offer is conditioned on Imaging accepting that Pennsylvania law governs their agreement. Imaging's acceptance is conditioned on Atlas accepting that California law governs their agreement. The parties' writings do not form a contract, but their conduct does.[1] Atlas shipped the tool. Imaging paid for it. The contract's terms are only what the parties agreed to plus terms in state laws.

Imaging asks the court to enforce the forum selection clause in its terms and to transfer the case to California. The forum selection clause does not apply because it is canceled by Atlas's. The action was brought in a Texas federal court, so Texas choice of law rules apply.[2] Texas follows the Restatement (Second) Choice of Laws.[3] Because the parties' contract does not cover choice of law, the law of the state with the most significant relationship to the transaction applies. New Hampshire is the state with the most significant relationship. The tool was either damaged in Imaging's warehouse or it was not. New Hampshire has adopted article two of the Uniform Commercial Code.[4] New Hampshire's laws do not provide a forum selection clause in a contract where there is not one. If Texas, California, Pennsylvania, or Illinois law applied, the result would be the same.

Because the forum selection clause does not apply, Imaging asks the court to transfer the case to the Northern District of Illinois or District of New Hampshire.

3. *Transfer.*

A California company with a guy in Texas ordered a tool to be sent to its New Hampshire warehouse. The forum selection clauses cancel, and the state with the greatest interest is New Hampshire. This is where the parties contracted to ship the

---

[1] N.H. Rev. Stat. Ann. § 382-A:2-207.

[2] Weber v. PACT XPP Tech., 811 F.3d 758 (5th Cir. 2016).

[3] *Id.* at 771.

[4] N.H. Rev. Stat. Ann. § 382-A:1-101.

tool and where any damage occurred. The action will be transferred to the United States District Court for the District of New Hampshire.[5]

A substantial part of the events did not occur in Texas. Imaging contracted with an Illinois corporation for the tool to be sent to New Hampshire. The tool did not pass through Texas. While Benoit arranged the damage report from Texas, he met with Atlas in New Hampshire. The presence of an employee does not subject Imaging to jurisdiction in Texas. Imaging works through Benoit. Imaging wanted the tool Atlas had, so it contracted with Atlas in Chicago. Imaging, not Benoit, bought the tool. Imaging, not Benoit, agreed to the price and how it would be shipped.

The action might have been brought in New Hampshire.

All parties are subject to personal jurisdiction in New Hampshire. Atlas contracted to sell a tool to New Hampshire. The cause of action comes from this contract. Imaging has a warehouse in New Hampshire. Con-Way took the tool to New Hampshire. It would be reasonable and efficient – convenient in the language of the law – for New Hampshire to hear this claim.

Venue is proper in New Hampshire. A substantial part of the events or omissions occurred there. The contract was formed there. The tool was shipped there. Without a contract and without shipping the tool, Atlas could not bring this action.

New Hampshire has subject jurisdiction. The parties are diverse and the amount in controversy exceeds $75,000.[6]

It is in the interest of justice to transfer.[7]

Signed on June 26, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[5] 28 U.S.C. § 1406(a).

[6] 28 U.S.C. § 1332(a).

[7] Goldlawr, Inc. v. Heiman, 396 U.S. 463, 466-67 (1962).